UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY. <br><br> Plaintiff, <br><br> v. <br><br> CARSON LOOP ESM, LLC DBA BUDGETEL HOTEL, SRINIVAS BOLLEPALLI, and A.H. <br><br> Defendants. | CIVIL ACTION FILE NO: |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES, Ategrity Specialty Insurance Company ("Ategrity") for its Complaint for Declaratory Judgment against Defendants Carson Loop ESM, LLC d/b/a Budgetel Hotel ("Carson Loop"), Srinivas Bollepalli, and A.H. (collectively, "Defendants"), alleges as follows:

## **INTRODUCTION**

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between Ategrity and Defendants Carson Loop and Srinivas Bollepalli arising out of A.H.'s claims that she suffered personal injuries from being subjected to sex and labor trafficking as part of a sex trafficking

1

enterprise in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1591(a). Ategrity seeks a declaration that it has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli for A.H.'s claims in the Underlying Lawsuit.

## THE PARTIES

2.

Plaintiff Ategrity Specialty Insurance Company is a Delaware corporation with its principal place of business in Wilmington, Delaware. Ategrity is an eligible surplus lines insurer as provided by Chapter V of Title 33 of the Official Code of Georgia.

3.

Defendant Carson Loop ESM, LLC d/b/a Budgetel is a limited liability company with its principal place of business at 35 Carson Loop NW, Cartersville, Georgia 30121. Upon information and belief, the sole member of Carson Loop ESM, LLC is Srinivas Bollepalli, who is a citizen of Georgia.

4.

Defendant Srinivas Bollepalli is a citizen of the State of Georgia.

5.

Defendant A.H. is a citizen of the State of Georgia.

2

## JURISDICTION & VENUE

6.

There is complete diversity between Ategrity, on the one hand, and the Defendants, on the other hand.

7.

The amount in controversy exceeds $75,000, exclusive of interest and costs, because A.H. has demanded the limits of the insurance policy at issue being $1,000,000 to resolve her claims involving sex trafficking.

8.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

9.

This Court has personal jurisdiction over the Defendants Srinivas Bollepalli and A.H. because they are citizens of the State of Georgia.

10.

Venue is proper in the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Bartow County, Georgia, which is part of the Rome Division of the Northern District.

11.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists among Ategrity and Carson Loop and Srinivas Bollepalli involving whether Ategrity has a duty to defend and/or indemnify Carson Loop and Srinivas Bollepalli for the claims made by A.H.

**FACTS**

12.

On or about September 19, 2024, A.H. filed a lawsuit against Carson Loop and Srinivas Bollepalli styled *A.H. v. Carson Loop ESM, LLC d/b/a Budgetel, and Srinivas Bollepalli*, in the United States District Court for the Northern District of Georgia, Rome Division, 4:24-cv-00224-WMR (the "Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as Exhibit A.

13.

The Underlying Lawsuit states that the case arises out of the sex and labor trafficking of A.H. who "was a victim of sex trafficking" and "was a victim of labor trafficking" at the Budgetel Hotel located at 35 Carson Loop NW, Cartersville, GA 30121 (the "Hotel") "at all times relevant to this Complaint". (Ex. A ¶¶ 1, 14, 31.)

14.

The Underlying Lawsuit alleges that at all relevant time Carson Loop owned,

4

managed, supervised, oversaw, and operated the Hotel and failed in its legal duty to keep the premises of the Hotel safe for their invitees, including A.H. (Ex. A ¶¶ 7, 48.)

15.

The Underlying Lawsuit alleges that at all relevant times Srinivas Bollepalli owned, managed, supervised, operated, oversaw, and controlled the Hotel and failed in his legal duty to keep the premises of the Hotel safe for their invitees, including A.H. (Ex. A ¶¶ 7, 48.)

16.

The Underlying Lawsuit alleges that A.H., and many other women, were trafficked for sex and labor by the manager of the Hotel, Shreesh Tiwari. (Ex. A ¶ 2.)

17.

The Underlying Lawsuit alleges that A.H. was a victim of sex and labor trafficking at the Hotel, at the hands of Shreesh Tiwari, at all times relevant to the Underlying Complaint. (Ex. A ¶¶ 14, 31.)

18.

The Underlying Lawsuit alleges A.H. lived and worked at a housekeeper at the Hotel from approximately June of 2020 to June 29, 2021. (Ex. A ¶ 17.)

19.

The Underlying Lawsuit alleges that Defendants paid A.H. $150 per week to work at the Hotel and charged her $150 per week to rent the room in which she lived at the Hotel. (Ex. A ¶ 17.)

20.

The Underlying Lawsuit alleges that when A.H.'s salary was increased to $200 per week the amount she was charged for her room at the Hotel simultaneously increased to $200 per week. (Ex. A ¶ 17.)

21.

The Underlying Lawsuit alleges that while A.H. lived at the Hotel, Shreesh Tiwari forced her to work seven days a week, up to 11 hours a day. (Ex. A ¶ 18.)

22.

The Underlying Lawsuit alleges that at all times relevant to the complaint Shreesh Tiwari knew that A.H. had previously struggled with homelessness, drug addiction, and loss of custody of her child and was living and working at the Hotel to "turn her life around" and regain custody of her child. (Ex. A ¶ 19.)

23.

The Underlying Lawsuit alleges that while A.H. lived at the Hotel Shreesh Tiwari made sexual advances toward her, forbid her from talking to other employees and hotel guests, and isolated her from her friends and family. (Ex. A ¶ 20.)

24.

The Underlying Lawsuit alleges that once Shreesh Tiwari had successfully isolated A.H. from others, he routinely forced her to perform oral and other sexual acts on him at the threat of evicting her, threatening to call animal control to remove her dog, and threatening to call the police and Department of Child and Family Services to report her struggles with drugs in order to separate Plaintiff from her child(ren). (Ex. A ¶¶ 21, 33.)

25.

The Underlying Lawsuit alleges that while A.H. lived at the Hotel Shreesh Tiwari stole various items from A.H.'s room, including her car title, as a means of threatening and coercing her into remaining at the Hotel and continuing to perform sex acts on him on demand. (Ex. A ¶ 22, 34.)

26.

The Underlying Lawsuit alleges that A.H. was the victim of labor trafficking and worked at the Hotel as a housekeeper by force, serious harm, and threats of force and serious harm, and abuse of the law by Carson Loop, Srinivas Bollepalli, and Shreesh Tiwari's. (Ex.A ¶ 32.)

27.

The Underlying Lawsuit alleges that A.H. was the victim of labor trafficking as she was paid by Carson Loop and Srinivas Bollepalli as much money as they

charged her to live at the Hotel, "keeping [A.H.] in a state of servitude." (Ex. A. ¶ 32).

28.

The Underlying Lawsuit alleges that Shreesh Tiwari operated openly and brazenly and forced at least eight other women to perform sexual acts on him and others at the Hotel at the threat of eviction and homelessness. (Ex. A. ¶ 23).

29.

The Underlying Lawsuit alleges that Shreesh Tiwari was arrested by Homeland Security for sex and labor trafficking and he plead guilty to sex trafficking at the Hotel. (Ex. A. ¶¶ 26, 35).

30.

The Underlying Lawsuit alleges that hotel staff, other than Shreesh Tiwari, were involved in the sex and labor trafficking, including a maintenance man who supplied Shreesh Tiwari's victims with drugs. (Ex. A. ¶ 25.)

31.

The Underlying Lawsuit alleges that Shreesh Tiwari's and other employees' negligent acts that caused A.H. to be sex and labor trafficked were done in the course and scope of their employment and that Carson Loop and Srinivas Bolleppali are directly and vicariously liable for such wrongful acts. (Ex. A. ¶¶ 60, 76, 84.)

32.

The Underlying Lawsuit alleges that although Carson Loop and Srinivas Bollepalli knew or should have known that sex and labor trafficking was occurring at the Hotel, and that A.H. was being sex and labor trafficked, they did nothing. (Ex. A. ¶¶ 24, 37, 51, 53, 55)

33.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli had actual or constructive knowledge of sex and labor trafficking occurring at the Hotel prior to Plaintiff's sex trafficking and abuse, and negligently did nothing to address the crime, prostitution, and sex trafficking. (Ex., 29, 37, 42.)

34.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli had actual or constructive knowledge of the terms of employment, pay, and employment conditions at the Hotel, and that the amounts paid to housekeepers was coercive, and that the coerced, forced, and abused employees, including A.H., increased the Hotel's revenue and profits because the Hotel relied on labor trafficking. (Ex. A. ¶ 38.)

35.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli knew or should have known the steps to take to prevent and deter A.H. from being

sex and labor trafficked at the Hotel, but negligently failed to remedy, prevent or report the sex trafficking. (Ex. A. ¶¶ 45, 47.)

36.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli negligently hired, trained, retained, and supervised their agents and employees, including Shreesh Tiwari, and thereby were negligent in preventing A.H. from being sex and labor trafficked at the Hotel. (Ex. A. ¶¶ 45, 61.)

37.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli had knowledge of sex and labor trafficking at the Hotel and failed to implement any measures to protect their invitees, including A.H. from becoming victims of sex trafficking, sexual assault, and labor trafficking and instead continued their venture to profit from the sex and labor trafficking and sexual assault incorporated into the Hotel's daily operations. (Ex. A. ¶ 46.)

38.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli had knowledge of sex and labor trafficking at the Hotel and failed to implement security devices, policies and procedures to warn invitees, including A.H. of, prevent, identify, and deter sex and labor trafficking and other criminal activity at the Hotel to ensure they were not profiting from sex and labor trafficking. (Ex. A. ¶¶ 47, 57,

58.)

39.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli are liable for the domestic sex and labor trafficking of A.H. (Ex. A. ¶¶ 61, 67.)

40.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli knowingly benefited from participation in a venture that sex and labor trafficked Plaintiff by proving the venue necessary for sex trafficking and receiving a revenue generated by the Hotel's operations, including A.H.'s work as a housekeeper at the Hotel, that they knew or should have known was in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595(a). (Ex. A. ¶¶ 70, 71, 72, 81, 83.)

41.

The Underlying Lawsuit alleges that Carson Loop and Srinivas Bollepalli knew or should have known that the venture they engaged in was in violation of the "TVPRA") because they and their agents and representatives actively participated in A.H.'s and others' sex trafficking and sex crimes carried out by force, fraud, and coercion at the Hotel. (Ex. A. ¶¶ 70, 71, 74.)

## THE ATEGRITY POLICY

42.

Ategrity Insurance Company, Inc., issued to Carson Loop ESM, LLC DBA Budgetel Hotel an insurance policy with policy number 01-C-PK-P20013476-0 for policy period December 12, 2020 to December 12, 2021 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit B.

43.

The Policy provides Commercial General Liability Coverage.

44.

The Insuring Agreement of Section I – Coverages – Coverage A - Bodily Injury and Property Damage Liability of the Commercial General Liability Coverage Part, provides:

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up

12

the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that take place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period;…

\*\*\*

45.

The Commercial General Liability Part of the Policy contains the following relevant definitions:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   **a.** False arrest, detention or imprisonment;
   **b.** Malicious prosecution;

13

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

46.

Subsection a. of Section 2. Exclusions of Coverage A of the Commercial General Liability Part of the Policy contains the following relevant exclusion:

This insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

47.

Subsection o. of Section 2. Exclusions of Coverage A of the Commercial General Liability Part of the Policy contains the following relevant exclusion:

This insurance does not apply to:

**o.  Personal And Advertising Injury**

14

"Bodily injury" arising out of "personal and advertising injury".

48.

The Insuring Agreement of Section I – Coverage – Coverage B – Personal and Advertising Injury of the Commercial General Liability Coverage Part, provides:

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        1. The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        2. Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

49.

Subsection a. of Section 2. Exclusions of Coverage B of the Commercial General Liability Part of the Policy contains the following relevant exclusion:

15

This insurance does not apply to:

**a.  Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

50.

Subsection d. of Section 2. Exclusions of Coverage B of the Commercial General Liability Part of the Policy contains the following relevant exclusion:

This insurance does not apply to:

**d.  Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

51.

The Commercial General Liability Part of the Policy contains the following relevant exclusion, added by an endorsement under form number ASIC-GL-0015-1118, styled Punitive Or Exemplary Damages:

Regardless of any other provision of this policy, this policy does not apply to a claim of or indemnification for punitive or exemplary damages, fines, penalties, treble damages, or multiplied or multiple damages imposed upon any insured, whether imposed by law or statute.

If an action is brought against any insured and falls within the coverage provided by the policy, seeking both "compensatory damages" and any of the fines, penalties or damages enumerated above, no coverage shall be provided by this policy for any costs, interest, defense costs, attorney

or legal fees of any type or damages attributable to any of the fines, penalties or damages enumerated above.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

52.

The Commercial General Liability Part of the Policy contains the following relevant exclusion, added by an endorsement under form number ASIC-GL-0149 0519, styled Exclusion – Human Trafficking:

A. SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, and SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions are amended to include the following:

**Human Trafficking**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, caused by, contributed to by, or in any way connected with:

(1) "Human Trafficking" committed or caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever;

(2) The failure to suppress or prevent the occurrence of "Human Trafficking" by you, any insured, any person, any entity, or by any means whatsoever;

(3) The failure to provide an environment safe from "Human Trafficking";

(4) The failure to warn of the dangers of the environment which could contribute to the occurrence of "Human Trafficking";

(5) "Human Trafficking" arising out of the negligent employment, investigation, hiring, supervision, training, or retention of any person or entity;

(6) The failure to contact any law enforcement or other legal authority

17

regarding any suspicion or occurrence of "Human Trafficking";

(7) The failure to render or secure medical treatment or care necessitated by any occurrence of "Human Trafficking"; or

(8) Death, including any allegations of wrongful death, arising out of items (1) through (7) listed above.

B. The DEFINITIONS Section is amended to include the following:

"Human Trafficking" means transporting, soliciting, recruiting, harboring, providing, enticing, maintaining or obtaining another person for the purpose of exploitation of that person. "Human Trafficking" includes "Sex Trafficking."

"Sex Trafficking" means transporting, soliciting, recruiting, harboring, providing, enticing, maintaining or obtaining another person in which the person is induced by force, fraud or coercion to perform a commercial sexual act or in which the person induced to perform a commercial sexual act has not attained eighteen (18) years of age at the time of such act.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

**\*\*\*\***

## FIRST CAUSE OF ACTION
**(Declaratory Relief that the Policy's Insuring Agreement for Coverage A is Not Implicated)**

53.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –52.

54.

The Underlying Lawsuit seeks damages against Carson Loop for participating in a sex and labor trafficking venture in violation of the Trafficking Victims

18

Protection Reauthorization Act with knowledge or reckless disregard for the fact that force, fraud, or coercion were used to keep A.H. a victim of sex and labor trafficking during all times relevant to the complaint. Such claims do not meet the definition of "occurrence" in the Policy.

55.

The Underlying Lawsuit seeks damages against Srinivas Bollepalli for sex and labor trafficking A.H. during all times relevant to the complaint in violation of the Trafficking Victims Protection Reauthorization Act by the use of force, fraud, or coercion. Such claims do not meet the definition of "occurrence" in the Policy.

56.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli in the Underlying Lawsuit under Coverage A of the Policy because the Underlying Lawsuit's allegations of sex and labor trafficking in violation of the Trafficking Victims Protection Reauthorization Act do not allege an "occurrence".

**SECOND CAUSE OF ACTION**
**(Declaratory Relief that the Policy's Expected Or Intended Injury Exclusion Bars Coverage Under Coverage A of the Policy)**

57.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –56.

19

58.

The Expected Or Intended Injury Exclusion bars any duty to defend or indemnify Carson Loop under Coverage A because the Underlying Lawsuit asserts it engaged in a sex and labor trafficking venture with knowledge or reckless disregard that the venture was carried out by keeping A.H. a victim of sex and labor trafficking during all time relevant to the complaint by the use of force, fraud, or coercion.  A.H.'s claims for injuries should have been expected or intended from Carson Loop's standpoint.

59.

The Expected Or Intended Injury Exclusion bars any duty to defend or indemnify Srinivas Bollepalli under Coverage A because the Underlying Lawsuit asserts that he used force, fraud, and/or coercion to keep A.H. a victim of sex and labor trafficking during all times relevant to the complaint.  A.H.'s claims for injuries should have been expected or intended from Srinivas Bollepalli's standpoint.

60.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli under Coverage A of the Policy in the Underlying Lawsuit because the Expected Or Intended Injury Exclusion bars coverage for A.H.'s injury claims in the Underlying Lawsuit.

20

## THIRD CAUSE OF ACTION
### (Declaratory Relief that the Policy's Personal and Advertising Injury Exclusion Bars Coverage Under Coverage A of the Policy)

61.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –60.

62.

The Personal And Advertising Injury Exclusion bars any duty to defend or indemnify Carson Loop under Coverage A because the Underlying Lawsuit alleges that A.H. was falsely imprisoned by the use of threats, force, coercion, and isolation in order to keep A.H. a victim of sex and labor trafficking during all times relevant to the Underlying Complaint.

63.

The Personal And Advertising Injury Exclusion bars any duty to defend or indemnify Srinivas Bollepalli under Coverage A because the Underlying Lawsuit alleges he falsely imprisoned A.H. by the use of threats, force, coercion, and isolation in order to keep her a victim of sex and labor trafficking during all times relevant to the Underlying Complaint.

64.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli under Coverage A of the Policy in the Underlying Lawsuit

21

because the Personal And Advertising Injury Exclusion bars coverage for claims in the Underlying Lawsuit that A.H. was falsely imprisoned as a victim of sex and labor trafficking during all times relevant to the Underlying Lawsuit.

## FOURTH CAUSE OF ACTION
**(Declaratory Relief that the Policy's Insuring Agreement for Coverage B is Not Implicated)**

65.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –64.

66.

The Underlying Lawsuit seeks damages against Carson Loop for participating in a sex and labor trafficking venture in violation of the Trafficking Victims Protection Reauthorization Act that kept A.H. a victim of sex and labor trafficking during all times relevant to the complaint and caused her to sustain physical, emotional, and psychological harm. Such claims do not meet the definition of "personal and advertising injury" in the Policy.

67.

The Underlying Lawsuit seeks damages against Srinivas Bollepalli for sex and labor trafficking A.H. during all times relevant to the complaint in violation of the Trafficking Victims Protection Reauthorization Act causing her to sustain physical, emotional, and psychological harm. Such claims do not meet the definition

22

of "personal and advertising injury" in the Policy.

68.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli in the Underlying Lawsuit under Coverage B of the Policy because the Underlying Lawsuit's allegations of sex and labor trafficking in violation of the Trafficking Victims Protection Reauthorization Act do not allege "personal and advertising injury".

## FIFTH CAUSE OF ACTION
**(Declaratory Relief that the Policy's Knowling Violation Of Rights Of Another Exclusion Bars Coverage Under Coverage B of the Policy)**

69.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –68.

70.

The Knowing Violation Of Rights Of Another Exclusion bars any duty to defend or indemnify Carson Loop under Coverage B because the Underlying Lawsuit alleges Carson Loop participated in a sex and labor trafficking venture in violation of the Trafficking Victims Protection Reauthorization Act carried out by use of threat, force, and coercion at all times relevant to the Underlying Complaint.

71.

The Knowing Violation Of Rights Of Another Exclusion bars any duty to

defend or indemnify Srinivas Bollepalli because he kept A.H. a victim of sex and labor trafficking at all times relevant to the Underlying Complaint by the use of threats, force, coercion, and isolation.

72.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli under Coverage B of the Policy in the Underlying Lawsuit because the Knowing Violation Of Rights Of Another Exclusion bars coverage for claims in the Underlying Lawsuit that A.H. was kept a victim of sex and labor trafficking at all times relevant to the Underlying Lawsuit by the use of force, threats, coercion, and isolation.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief that the Policy's Criminal Acts Exclusion Bars Coverage Under Coverage B of the Policy)**

73.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –72.

74.

The Criminal Acts Exclusion bars any duty to defend or indemnify Carson Loop under Coverage B because the Underlying Lawsuit alleges Carson Loop participated in a sex and labor trafficking venture, that included sex and labor trafficking A.H., carried out by Shreesh Tiwari at the Hotel for which he was

criminally charged and plead guilty to engaging at the hotel in violation of the Trafficking Victims Protection Reauthorization Act.

75.

The Criminal Acts Exclusion bars any duty to defend or indemnify Srinivas Bollepalli under Coverage B because the Underlying Lawsuit alleges that he carried out a sex and labor trafficking venture at the Hotel, that included sex and labor trafficking A.H., for which Shreesh Tiwari was criminally charged and to which he pleaded guilty.

76.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli under Coverage B of the Policy in the Underlying Lawsuit because the Criminal Acts Exclusion bars coverage for claims in the Underlying Lawsuit that they carried out and participated in a criminal sex and labor trafficking venture for which Shreesh Tiwari was criminally charged and pleaded guilty.

## SEVENTH CAUSE OF ACTION
**(Declaratory Relief that the Policy's Punitive Or Exemplary Damages Exclusion Bars Coverage Under Coverages A and B of the Policy)**

77.

Ategrity hereby incorporates by reference all allegations contained in Paragraphs 1 –76.

78.

25

The Punitive Or Exemplary Damages Exclusion bars any duty to defend or indemnify Carson Loop under Coverages A or B for claims in the Underlying Lawsuit for, based upon, or related to claims and allegations seeking punitive damages related to its participation in a sex trafficking venture, that included sex and labor trafficking A.H., carried out by Srinivas Bollepalli at the Hotel.

79.

The Punitive Or Exemplary Damages Exclusion bars any duty to defend or indemnify Srinivas Bollepalli under Coverages A or B for claims in the Underlying Lawsuit for, based upon, or related to claims and allegations seeking punitive damages related to his carrying out a sex and labor trafficking venture, that included sex and labor trafficking A.H., at the Hotel.

80.

Therefore, Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli under Coverages A or B of the Policy in the Underlying Lawsuit for claims for, based upon, or related to claims and allegations seeking punitive damages related to sex and labor trafficking at the Hotel.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Relief that the Policy's Human Trafficking Exclusion Bars Coverage Under Coverages A and B of the Policy)**

81.

Ategrity hereby incorporates by reference all allegations contained in

26

Paragraphs 1 –80.

82.

Ategrity has no obligation to defend or indemnify Carson Loop in the Underlying Lawsuit under Coverages A or B of the Commercial General Liability Coverage Part of the Policy for any damages, losses, claims, costs, or expenses arising out of or related to the injuries A.H. sustained during all times relevant to the Underlying Lawsuit because A.H.'s claims all arise out of, are related to , caused by, contributed by, or connected with Human Trafficking that Carson Loop engaged in by participating in a sex and labor trafficking venture at the Hotel. Therefore, the Human Trafficking Exclusion bars Ategrity's duty to defend or indemnify Carson Loop under Coverages A and B of the Policy against any of the claims or allegations in the Underlying Lawsuit.

83.

Ategrity has no obligation to defend or indemnify Srinivas Bollepalli in the Underlying Lawsuit under Coverages A or B of the Commercial General Liability Coverage Part of the Policy for any damages, losses, claims, costs, or expenses arising out of or related to the injuries A.H. sustained during all times relevant to the Underlying Lawsuit because all of her claims arise out of, are related to, caused by, contributed by, or connected with Human Trafficking, including sex and labor trafficking carried out by Srinivas Bollepalli at the Hotel. Therefore, the Human

Trafficking Exclusion bars Ategrity's duty to defend or indemnify Srinivas Bollepalli against any of the claims or allegations in the Underlying Lawsuit under Coverages A or B of the Policy.

84.

Therefore, Ategrity seeks a declaration that the Human Trafficking Exclusion bars its duty to defend or indemnify Carson Loop or Srinivas Bollepalli for any claims or allegations in the Underlying Lawsuit.

WHEREFORE, Ategrity demands judgment as follows:

A.   For a declaration that Ategrity has no duty to defend or indemnify Carson Loop or Srinivas Bollepalli for any claims in the Underlying Lawsuit or otherwise pay for any damages, losses, claims, costs or expenses arising out of the claims asserted by A.H. against Carson Loop or Srinivas Bollepalli;

B.   That the judgment be binding on A.H.;

C.   For the cost of this suit; and

D.   For such other and proper relief as this Court may deem just and proper.

Respectfully submitted this 13th day of June, 2025.

28

/s/ Seth M. Friedman

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP          Seth M. Friedman
600 PEACHTREE STREET                            Georgia Bar No. 141501
Suite 4700                                      Inna Kogan
Atlanta, Georgia  30308                         Georgia Bar No. 125933
T:  (404)348-8585
F:  (404)467-8845                               *Attorneys for Plaintiffs*
seth.friedman@lewisbrisbois.com
inna.kogan@lewisbrisbois.com